IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSH BURTON, et al.,

      Plaintiffs,                    No. CIV S-10-1698 JAM DAD PS

     vs.

DEPARTMENT OF DEFENSE, et al.,

      Defendants.          <u>ORDER</u>

/

        Plaintiffs Josh Burton and Wendy Sher are proceeding pro se with this action. The case has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). While plaintiff Josh Burton has submitted a motion to proceed in forma pauperis, (Doc. No. 2), much of that document is illegible. Moreover, plaintiff Wendy Sher must file her own separate application to proceed in forma pauperis, since filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in forma pauperis.

/////

1    In reviewing plaintiffs' complaint, the court has found that the pleading is
2 deficient in several ways.  Pursuant to 28 U.S.C. § 1915(e)(2), the court must dismiss the
3 complaint at any time if the court determines that the pleading is frivolous or malicious, fails to
4 state a claim on which relief may be granted, or seeks monetary relief against an immune
5 defendant.  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.
6 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
7 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is
8 based on an indisputably meritless legal theory or where the factual contentions are clearly
9 baseless.  Neitzke, 490 U.S. at 327;28 U.S.C. § 1915(e).

10    To state a claim on which relief may be granted, the plaintiff must allege "enough
11 facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550
12 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court
13 accepts as true the material allegations in the complaint and construes the allegations in the light
14 most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.
15 Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,
16 1245 (9th Cir. 1989).  The court need not accept as true conclusory allegations, unreasonable
17 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
18 624 (9th Cir. 1981).

19    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
20 complaint must give the defendants fair notice of the plaintiff's claims and must allege facts that
21 state the elements of the claims plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.
22 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at
23 least some degree of particularity overt acts which the defendants engaged in that support the
24 plaintiff's claims.  733 F.2d at 649.

25    Here, plaintiffs' pleading consists of conclusory and disjointed allegations
26 concerning electronic surveillance under "Operation Roadmap," resulting in the alleged invasion

of plaintiffs' privacy and physical harm.  For example, plaintiffs allege that they are "able to prove their own identities belong to themselves as private property."  (Compl. (Doc. No. 1) at 5.)[1]  They allege that there are "proven privacy invasion risks" concerning "Radio Frequency Identification" ("RFID") and that RFID has resulted in "property damage, privacy invasions and civilian injury occurring on the plaintiffs."  (Id.)  In their complaint plaintiffs list numerous federal agencies that they "are relinquishing themselves from," including the Department of Energy, Department of Defense, Department of Health and Human Services, and the "Office of Human Experimentation."  (Id. at 6.)  Plaintiffs further allege the they did not consent to be "experimented on due to the burning, shocking, and other pain caused by the weaponry" and demand that the "experiments must be stopped immediately."  (Id. at 11-12.)

Plaintiffs' complaint is so incomprehensible and incomplete that the court is unable to determine whether the action may state any cognizable claim for relief.  The court has determined, however, that the complaint does not contain the short and plain statement of claims required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.

Moreover, the court is unable to discern in plaintiffs' filing any statement that can be construed as jurisdictional or any allegations that state a cognizable federal claim against any person or entity within the jurisdiction of this court.  The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction."  FED. R. CIV. P. 8(a)(1).  Such a statement is required because federal courts, as courts of limited jurisdiction, may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S.

/////

/////

/////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

131, 136-37 (1992).[2]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).  Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  The burden of establishing jurisdiction rests upon the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377.

Based on the allegations found in plaintiffs' complaint, it appears that this court lacks subject matter jurisdiction over this action.  See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction); Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); see also Franklin v. Murphy, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

Because the present complaint does not comply with the requirements of Rule 8, the complaint must be dismissed.  The court will grant plaintiffs leave to file an amended complaint that comports with Rule 8 and also cures the other defects noted in this order. Pursuant to Local Rule 15-220, any amended complaint plaintiffs elect to file must be complete in itself without reference to the pleading that has been dismissed.  The court cannot refer to the original pleading in order to make the amended complaint complete.  See Loux v. Rhay, 375 F.2d

/////

---

[2] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. CONST. ART. III, § 2; 28 U.S.C. § 132; Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

55, 57 (9th Cir. 1967). The amended complaint must include factual allegations describing the conduct and events which underlie the claims against each defendant.

Should plaintiffs' elect to file an amended complaint in which they attempt to present a claim for the violation of their federal civil rights, plaintiffs are advised that vicarious liability is inapplicable to a federal civil rights action, therefore "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." See Ashscroft v. Iqbal, ___U.S.___,___, 129 S.Ct. 1937, 1948 (2009). Moreover, to the extent plaintiffs' elect to pursue tort claims, they are advised that the Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. United States v. Orleans, 425 U.S. 807, 813 (1976). However, before a plaintiff may file suit under the FTCA, he or she must exhaust administrative remedies. In this regard, the FTCA provides, in pertinent part, "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claims to the appropriate federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). Moreover, the Ninth Circuit Court of Appeals has repeatedly held that the administrative claim requirement of 28 U.S.C. § 2675(a) is jurisdictional and cannot be waived. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

Finally, failure to file an amended complaint that comports with this order may result in a recommendation that this action be dismissed for failure to state a claim on which relief can be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed in this action on July 1, 2010 (Doc. No. 1) is dismissed with leave to amend;

2. Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil

Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

   3.  If plaintiffs' elect to file ant Amended Complaint, each plaintiff shall file a legible motion to proceed in forma pauperis together with the amended complaint;

   4.  Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed;

   5.  Plaintiffs' July 1, 2010 motion to proceed in forma pauperis (Doc. No. 2) is denied;

   6.  Plaintiffs' July 1, 2010 motion for emergency hearing (Doc. No. 3) is denied as moot;

   7.  Plaintiffs' July 1, 2010 motion to lodge video under seal (Doc. No. 4) is denied as moot;

   8.  Plaintiffs' August 5, 2010 motion to rule on motions (Doc. No. 7) is denied as moot; and

   9.  Plaintiff's August 5, 2010 motion to rule on motions (Doc. No. 8) is denied as moot.

DATED: March 7, 2011.

              _____
              DALE A. DROZD
              UNITED STATES MAGISTRATE JUDGE

DAD:6
orders.prose\burton1698.ord.ifpapp.ac